PER CURIAM.
Edward S. Desmore, Sr. appeals from the October 31, 2000 decision of the United States Court of Appeals for Veterans Claims, Appeal No. 00-1290, dismissing his appeal for lack of jurisdiction because he filed his Notice of Appeal (NOA) from the Board of Veterans Appeals out of time. We dismiss.
The government asserts that Desmore’s appeal challenges only factual determinations or the application of law to the facts of the case, and is thus beyond our jurisdiction. As the government notes, we are a court of limited jurisdiction marked out by Congress. See Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992). We have jurisdiction to review the Court of Appeals for Veterans Claims decisions regarding “the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Court of Appeals for Veterans Claims] in making the decision,” 38 U.S.C. § 7292(a); and except for appeals presenting constitutional issues, we may not “review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular ease.... ” 38 U.S.C. § 7292(d)(2). If Desmore does not meet these requirements, we must dismiss his appeal.
Desmore argues that the Board of Veterans Appeals issued two decisions in his case on January 3, 2000, and that he did not receive the decision that is the subject of this appeal until March 10, 2000, when that decision was faxed to his personal representative. As a result, he contends that March 10, 2000, should be used to determine his compliance with the requirement that an NOA must be filed within 120 days after the Board of Veterans Appeals decision is mailed to an appellant. 38 U.S.C. § 7266; Ct.App. Vet. Cl. R. Pract. & Proc. 4. The Veterans Court found that the Board of Veterans Appeals mailed both versions of the January 3, 2000, Board of Veterans Appeals decision to Desmore’s last known address. It then applied Rule 4 of the Veterans Court’s Rules of Practice and Procedure, and determined that Desmore had not filed his NOA in time. 38 U.S.C. § 7266. The factual finding that the two decisions were mailed on January 3, 2000, and the application of the filing statute and rule to that factual finding are beyond our jurisdiction.